IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40794
Summary Calendar
_____


MICHAEL ARTHUR MAGOON,

                                        Plaintiff-Appellant,

versus

C.B. TURNER, Mail Room Supervisor,
Louis C. Powledge Unit; R.L. SIMMONS,
Cpt., Louis C. Powledge Unit; F.E.
FIGUEROA, Warden, Louis C. Powledge Unit;
WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-543
- - - - - - - - - -
February 9, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Michael Arthur Magoon appeal from the district court's
dismissal of his civil rights complaint as frivolous.  He argues
that false disciplinary reports were "vindictively" filed against
him, that as a result, he was transferred to a more violent
prison and passed over for parole, and that his mail is tampered
with by prison officials.

_____

    [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Magoon does not allege a retaliatory motive, nor does he set forth any specific facts to support his conclusions that the filing of the disciplinary reports by defendant Turner was done "vindictively." See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Further, Magoon concedes that the disciplinary charges were ultimately dismissed, and his allegations do not establish that, but for the filing of the disciplinary charges, he would not have been transferred or denied parole. Finally, Magoon has not demonstrated that his position as a litigant was prejudiced by mail tampering. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). The district court thus did not abuse its discretion by dismissing Magoon's complaint as frivolous.

AFFIRMED.